UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCALISTER,

      Plaintiff,                                                     Case No.

v.

DTE ENERGY, CO. &,
DTE ELECTRIC CO.
Michigan corporations,

      Defendants.

_____

PITT, MCGEHEE, PALMER & RIVERS, P.C.
ROBERT PALMER (P31704)
rpalmer@pittlawpc.com
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan  48067
(248) 398-9800

_____

## COMPLAINT AND JURY DEMAND

Plaintiff, James McAlister, by and through his attorneys, Pitt, McGehee, Palmer & Rivers, P.C., files the following Amended Complaint against Defendant and states as follows:

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff is a permanent resident of the State of Michigan from Macomb County.

2.     Defendant DTE Energy, Co. & DTE Electric Co. (hereinafter referred to as "Defendants"), are Michigan corporations, with their principal place of business in Wayne County, Michigan.

3.     The events giving rise to this action, including the alleged discriminatory and retaliatory actions, occurred in Wayne County, Michigan.

4.     On May 29, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 471-2014-02244, contending that Defendants discriminated against, denied him reasonable accommodation, and retaliated against him because of his status as an individual with a disability, in violation of the Americans With Disabilities Act ("ADA").

5.     On November, 18 2014, the EEOC issued a notice of right to sue to Plaintiff in relation to Charge. No. 471-2014-02244, and Plaintiff received the right to sue letter opportunity three days later on November 21, 2014.

6.     Plaintiff timely filed his EEOC claim.

7.     Plaintiff has filed with lawsuit within 90 days of the date he received his notice of right to sue.

8.     All conditions precedent to the institution of this lawsuit have been fulfilled.

9.     Jurisdiction is proper pursuant to 42 U.S.C. § 1331 because these claims arose under federal law, the ADA 42 U.S.C. § 12111 and 29 U.S.C. §2601, *et seq.*, and under the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

10.     Plaintiff James McAlister was hired by Defendants on June 9, 1997, as an Apprentice Lineman.

11.     Defendants are in the business of developing and managing energy-related businesses and services nationwide.

12.     Plaintiff was promoted by Defendants to Journeyman Lineman, and he remained in that position until his termination from employment on February 7, 2014.

13.     Throughout Plaintiff's employment with Defendants, he has worked at Defendants' facilities in Wayne County, Michigan.

14.     Plaintiff's job included physical labor requiring him to climb electrical poles in order to repair electrical lines.

15.     Plaintiff is disabled in accordance with the ADA, in that he is limited in one or more major life activity including but not limited to walking, lifting, and moving.

16.     Despite his disability, Plaintiff is able to perform the essential functions of the job with or without reasonable accommodation.

17.     Plaintiff requested a reasonable accommodation for his disability by requesting a medical leave of absence because of his disability.

18.     Plaintiff was approved for certified, intermittent FMLA leave by Defendants for the period beginning March 4, 2013 and lasting through December 31, 2013. This approved intermittent leave allowed Plaintiff 2-3 days of absence per disability episode.

19.     On December 19, 2013, Plaintiff had an episodic attack and flare up associated with his known disability while at work.

20.     Due to Plaintiff's episodic attack resulting from his known disability, he was forced to leave work.

21.     Prior to leaving work, Plaintiff sought out his supervisor, but was unable to locate the supervisor to obtain permission to leave for medical reason.

22.     After failing to locate a supervisor, Plaintiff left work, and upon arriving at home made a phone call to his manager to inform the manager and the company that he

left the premises for reasons relating to his disability and his approved, intermittent FMLA medical leave.

23. Defendants terminated Plaintiff from employment because of his disability-related absence on December 19, 2013.

24. Defendants' stated reason for terminating Plaintiff from employment was leaving work without permission 6 hours early on December 19, 2013.

25. Plaintiff's absence occurred during the time period of approved intermittent FMLA leave beginning March 4, 2013 and lasting through December 31, 2013.

26. Plaintiff's absence from work on December 19, 2013 was due to the disability which had already been approved for intermittent FMLA leave by Defendants.

27. Plaintiff is aware of other similarly-situated employees without disabilities, including journeyman lineman, who have left work without permission, but were not terminated from employment.

28. Defendants hired other non-disabled persons into Plaintiffs former position but refused to rehire plaintiff because of his disability.

29. Plaintiff's disability caused his termination from employment.

30. At the time of Plaintiff's termination from employment, he was earning approximately $42 per hour, along with valuable benefits of employment.

**COUNT I**
**(Violation of the Americans With Disabilities Act –**
**Disability Discrimination, Failure to Accommodate a Disability, and Retaliation)**

4

31. Plaintiff incorporates by reference the General Allegations contained above.

32. At all times relevant hereto, Plaintiff was an employee and Defendants were an employer within the meaning of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12111(4)(5).

33. At all times relevant to this action, Plaintiff was a qualified individual with a disability pursuant to 42 U.S.C. §12111(8), in that Plaintiff is an individual with a disability, who, with or without accommodation, could perform the essential functions of his position as a Journeyman Lineman.

34. Plaintiff was an individual with a disability within the meaning of 42 U.S.C. §12102, in that he had a physical impairment that substantially limits one or more of his major life activities, who with or without accommodation could perform the essential functions of his job with Defendants, and/or Plaintiff had a record of such a disability and/or was regarded by Defendants as having such a disability.

35. Plaintiff's disabilities include gout, anxiety, nerve damage, arthritis, and post-traumatic stress disorder.

36. At all times relevant hereto, Defendants had a duty under the ADA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship.

37. At all times relevant hereto, Defendants could have accommodated Plaintiff's disability without suffering an undue hardship.

38. At all times relevant hereto, Defendants had a duty under the ADA not to discriminate against Plaintiff with respect to compensation or terms, conditions, or

privileges of employment, because of a disability, because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability.

39. At all times relevant hereto, Defendants had a duty not to retaliate against Plaintiff with respect to his employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for taking leave under the ADA.

40. Notwithstanding said duties as set forth above, Defendants discriminated against Plaintiff because of his disability and/or because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability when it terminated Plaintiff.

41. Notwithstanding said duties as set forth above, Defendants retaliated against Plaintiff for taking leave under the ADA, when it terminated plaintiff from employment which he was qualified to hold and refused to rehire him.

42. As a direct and approximate result of Defendants' disability discrimination and retaliation, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, psychiatric disability, humiliation, physical injury, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendants.

Accordingly, Plaintiff requests the following relief:

       a. An Order of this Court allowing Plaintiff reinstatement to a position with Defendants within Plaintiff's restrictions;

b. An Order of this Court awarding Plaintiff compensatory damages in an amount in excess of $75,000.00 he is found to be entitled to;

c. Punitive damages;

d. An Order of this Court awarding Plaintiff interest, costs, and attorney fees;

e. An Order of this Court awarding Plaintiff such other equitable relief as this Court deems just and equitable.

## COUNT II
### (Violation of the Michigan Persons With Disabilities Act – Disability Discrimination and Retaliation)

43. Plaintiff incorporates by reference the General Allegations contained above.

44. At all times relevant hereto, Plaintiff was an employee and Defendants were an employer within the meaning of the Michigan Persons with Disabilities Act ("PDCRA"), being MCLA §37.1201, *et seq.*

45. At all times relevant to this action, Plaintiff was a qualified individual with a disability in accordance with the PDCRA in that Plaintiff is an individual with a disability, who, with or without accommodation, could perform the essential functions of his position.

46. Plaintiff was an individual with a disability in accordance with the PDCRA, in that he had a physical impairment that substantially limits one or more of his major life activities, who with or without accommodation could perform the essential

7

functions of his job with Defendants, and/or Plaintiff had a record of such a disability and/or was regarded by Defendants as having such a disability.

47. Plaintiff's disability is gout, anxiety, nerve damage, arthritis, and post-traumatic stress disorder.

48. At all times relevant hereto, Defendants had a duty under the PDCRA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship. Defendants' duty to accommodate Plaintiff includes, but is not limited to, transferring Plaintiff to an available position, providing Plaintiff with a reasonable time to recover, restructuring Plaintiff's job, and/or altering Plaintiff's work schedule.

49. At all times relevant hereto, Defendants could have accommodated Plaintiff's disability without suffering an undue hardship.

50. At all times relevant hereto, Defendants had a duty under the PDCRA not to discriminate against Plaintiff with respect to compensation or terms, conditions, or privileges of employment, because of a disability, because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability.

51. At all times relevant hereto, Defendants had a duty not to retaliate against Plaintiff with respect to his employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for him opposing a violation of the Act or for filing an EEOC charge.

52.     Notwithstanding said duties as set forth above, Defendants discriminated against Plaintiff because of his disability when it terminated/laid-off Plaintiff's employment and refused to rehire and/or recall Plaintiff to available positions following his termination.

53.     Notwithstanding said duties as set forth above, Defendants retaliated against Plaintiff for terminating him for asserting rights under this act for opposing a violation of this Act and/or when it refused to rehire and/or recall Plaintiff following his termination/layoff from employment into available positions for which he was qualified to hold.

54.     As a direct and approximate result of Defendants' disability discrimination and retaliation, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, psychiatric disability, humiliation, physical injury, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendants.

Accordingly, Plaintiff requests the following relief:

a.     An Order of this Court allowing Plaintiff reinstatement to a position with Defendants within Plaintiff's restrictions;

b.     An Order of this Court awarding Plaintiff compensatory damages in an amount in excess of $75,000.00 he is found to be entitled to;

c.     An Order of this Court awarding Plaintiff interest, costs, and attorney fees;

9

d.      An Order of this Court awarding Plaintiff such other equitable relief as this Court deems just and equitable.

## COUNT III
### (Violation of the Family and Medical Leave Act (FMLA))

55.     Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

56.     At all times relevant hereto, Plaintiff was an employee and Defendants were an employer within the meaning of the Family and Medical Leave Act, being 29 U.S.C. §2601, *et seq.*

57.     Plaintiff fell within the protection of the FMLA as a person with a serious health condition. 29 U.S.C. §2612(a)(1)(C).

58.     At all times relevant hereto, Plaintiff suffered from a serious health condition in that he had a physical condition that required continuing treatment from a healthcare provider.

59.     Under the FMLA, Defendants had an obligation to provide Plaintiff with up to 12 weeks of leave for a serious health condition which rendered Plaintiff unable to perform the functions of his position.

60.     In addition, under the FMLA, Defendants had an obligation to provide Plaintiff with the ability to take his leave time on an intermittent or reduced leave schedule. 29 U.S.C. §2612(b).

61.     In addition, Defendants were prohibited under the FMLA from retaliating against Plaintiff for requesting and/or taking FMLA leave.

62.     In March 2013, Plaintiff requested and was approved for intermittent medical leave of absence resulting from his disability, which qualified him for protection under the FMLA.

63.     Notwithstanding Defendants' duties as set forth above, Defendants willfully violated the FMLA in the following ways:

a.      Terminating Plaintiff's employment for requesting and/or taking a medical leave of absence qualified under the FMLA;

b.      Failing to restore Plaintiff to the same position he held prior to his medical leave or an equivalent position.

c.      Retaliating against Plaintiff for taking and/or requesting FMLA leave.

64.     As a direct and approximate result of Defendants' violation of the FMLA, Plaintiff has and will continue to be deprived of wage loss, fringe benefits, status, seniority, and other advantages of employment; Plaintiff has, and in the future, will experience mental anguish, humiliation, physical injury, and other embarrassment, resulting from Defendants' violation of the FMLA.

Accordingly, Plaintiff requests the following relief:

a.      An Order of this Court allowing Plaintiff reinstatement to a position with Defendant within Plaintiff's restrictions;

b.      An Order of this Court awarding Plaintiff liquidated damages in accordance with the FMLA;

11

b. An Order of this Court awarding Plaintiff compensatory damages in an amount in excess of $75,000.00 he is found to be entitled to;

c. An Order of this Court awarding Plaintiff interest, costs, and attorney fees;

d. An Order of this Court awarding Plaintiff such other equitable relief as this Court deems just and equitable.

PITT, McGEHEE, PALMER & RIVERS, P.C.

By:____/s/Robert Palmer_____
Robert Palmer (P31704)
Attorney for Plaintiff
117 W. Fourth Street, Ste. 200
Royal Oak, MI 48067
(248) 398-9800
rpalmer@pittlawpc.com

DATE:  February 17, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCALISTER,

     Plaintiff,                         Case No.

v.

DTE ENERGY CO. &
DTE ELECTRIC CO.,
Michigan corporations,

     Defendants.

_____

PITT, MCGEHEE, PALMER & RIVERS, P.C.
ROBERT PALMER (P31704)
rpalmer@pittlawpc.com
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan  48067
(248) 398-9800

_____

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues to the within cause of action.

PITT, McGEHEE, PALMER & RIVERS, P.C.

By:_____s/Robert Palmer_____
        Robert Palmer (P31704)
        Attorney for Plaintiff
        117 W. Fourth Street, Ste. 200
        Royal Oak, MI 48067
        (248) 398-9800
        rpalmer@pittlawpc.com

DATE:  February 17, 2015